IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHRYN GARNER, et al.,       )
                              )
          Plaintiffs,         )
                              )
     v.                       )    No. 12 C 709
                              )
RELIANCE STANDARD LIFE        )
INSURANCE COMPANY, et al.,    )
                              )
          Defendants.         )

## MEMORANDUM OPINION AND ORDER

Reliance Standard Life Insurance Company ("Reliance") and Interact of Michigan, Inc. Life Insurance Plan have moved under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss the Complaint brought against them by the two daughters and the son of decedent Patricia Bromfield (all three are the beneficiaries of the death benefit provided for under insurance coverage supplied by Reliance). Plaintiffs have now filed a detailed memorandum in opposition to such dismissal, so that the motion is ripe for disposition.

Although the reader could not tell this from the arguments that have been advanced by defendants' memorandum in support of their motion, for Rule 12(b)(6) purposes the allegations in the Complaint (together will all reasonable inferences from those allegations) must be accepted as true. Indeed, defendants' Mem. at 2 purports to say as much:

> This court should dismiss Plaintiff's Complaint against LINA because Plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).[1]

To put the matter succinctly, plaintiffs' responsive memorandum successfully demolishes the arguments by which defendants seek to justify Reliance's conduct[2]--conduct that, as plaintiffs portray it, is not only actionable but thoroughly reprehensible. What the Complaint portrays is an insurer that exemplifies the kind of metaphorical rotten apple that regrettably can taint the entire equally metaphorical barrel of the insurance industry--an insurer that exhibits the sort of conduct that leads legislative bodies to enact statutes such as Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

Accordingly the Rule 12(b)(6) motion is denied, and defendants are ordered to answer the Complaint on or before April 20, 2012. In the meantime, the previously-scheduled April 13 status hearing will remain in place, to discuss the

---

[1] [Footnote by this Court] That statement is bizarre: LINA (Life Insurance Company of North America) certainly has nothing to do with this case, and the use of "Plaintiff" in the singular and the comparable use of "his claim" and "him" are the tipoff to defense counsel's sloppiness in having copied verbatim a statement from some other lawsuit handled by her firm. Moreover, the memorandum's citation to Conley is ironic in light of that case's overly broad statement having been curbed by the well-known Twombly-Iqbal canon (although that makes no difference where, as here, a complaint reflects satisfaction of the plausibility requirement added by those cases).

[2] It should be emphasized, of course, that this Court makes no findings as to the facts of Reliance's conduct--it simply credits plaintiffs' version, as Rule 12(b)(6) requires.

2

planning needed to bring this action to the point of its ultimate resolution on the merits. One final note: It is also quite ironic that plaintiffs' claims here stem from Patricia Bromfield's asserted detrimental <u>reliance</u> on what proved to be both misleading information and misleading omissions of information on the part of the defendant insurer--something that, if indeed true, would seem to make the presence of "Reliance" in the insurer's name a contradiction in terms.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: April 5, 2012